**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

RE: IN THE MATTER OF      )
     )
NOVA ANGELINA PEREZ-VEGA      )     CA. No. CPU4-18-002349
     )
TO      )
     )
NOVA ANGELINA VEGA      )

Submitted:    June 18, 2018
Decided:      July 27, 2018

Meagan Vega                                Miguel Perez
101 Hagerty Place                        1344 Maple Ave.
Townsend, DE 19734                  Wilmington, DE 19805
*Petitioner*                                      *Respondent*

**ORDER AND DECISION ON
PETITION FOR NAME CHANGE FOR MINOR CHILDREN**

Dear Ms. Vega and Mr. Perez:

A hearing for the above-referenced matter was held on June 18, 2018. This matter involves a request for a name change pursuant to Chapter 59 of Title 10 of the Delaware Code for a two-year-old child named Nova Angelina Perez-Vega ("Nova"). The petition requests that her name be changed to Nova Angelina Vega, and was filed by her natural mother, Megan Vega ("Ms. Vega"), who is pursuing the name change on her behalf. Mr. Miguel Perez ("Mr. Perez"), Nova's natural father, opposes the petition. At the hearing, the Court heard testimony from Ms. Vega, Mr. Perez, and Mrs. Marisol Vega, Nova's maternal grandmother. At the conclusion of the hearing, the Court reserved decision. This is the Court's decision after the hearing.

Through the evidence introduced at the hearing, it was established that Ms. Vega and Mr. Perez are the natural parents of Nova. Ms. Vega has primary custody and is the primary caregiver of Nova. Mr. Perez has no parental rights and has no visitation rights. Ms. Vega testified that a visitation agreement was put in place but Mr. Perez failed to abide by it.

The Family Court had scheduled custody and child support hearings for Nova, but Mr. Perez missed both hearings. The Family Court granted Ms. Vega's request for child support and ordered Mr. Perez to pay $250 a month in child support. To this date, Mr. Perez has not paid any child support and is over $4,000 in arrears.

Ms. Vega believes that it is in the best interest of Nova to change her last name from Perez-Vega to Vega. Ms. Vega and her family provide all the financial support to Nova. Presently, Ms. Vega and Nova live at Ms. Vega's parents' home. Ms. Vega testified that Mr. Perez is not a part of Nova's life. At first, Ms. Vega tried to co-parent with Mr. Perez, but he did not participate. Ms. Vega attempted to set up visits between Mr. Perez and Nova, but Mr. Perez always canceled them at the last minute.

Ms. Vega testified that Nova does not know Mr. Perez. Ms. Vega further testified that it would not be right for her daughter to have her natural father's surname when he is not a part of her life. Ms. Vega believes it would cause confusion and would become difficult for Nova when she starts school in a couple of years.

Mrs. Marisol Vega, Nova's maternal grandmother, testified that Nova does not identify Mr. Vega as her father. Instead, Nova identifies her maternal grandfather as her father. She also testified that Nova's paternal grandmother used to visit Nova once a month, but does not do so anymore.

Mr. Perez testified that he is trying to get his life back together and wants to be a better father. He recently obtained his General Equivalence Diploma, and is attempting to enroll at a local college. In June 15, 2018, Mr. Perez got his Certificate of Completion of Family Visitation Center Orientation, which will allow him to have supervised visitation rights with Nova. However, Mr. Perez testified that he has not had time to file a petition to modify his visitation rights, even though he has had the petition for some time. Mr. Perez testified that he has seen Nova on-and-off, only when Ms. Vega allows him to see her. Mr. Perez has only seen Nova once this year. Further, Mr. Perez testified that he was convicted in 2015 on a Felony Burglary charge, for which he served 30 days in the VOP center. In 2017, Mr. Perez was convicted on a Graffiti charge, for which he was sentenced to level two probation. Additionally, Mr. Perez testified that his driving license has been suspended since 2015 after he was charged with underage gambling in Atlantic City, New Jersey.

Mr. Perez testified that he wants Nova to keep his surname because it would make him fight harder to become a better father to her. He further testified that if the Court grants the name change petition he would not try as hard.

The legal standard for change of name petitions for minors is whether the change of name is in the "best interest of the child." *In re Change of Smith*, 2003 WL 23469571, at *4 (Del. Com. Pl. Mar. 19, 2003). "Clearly what constitutes the 'best interest of the child' involves a factual analysis involving the relationship and family structure of the minor." *Id.* The factors the Court considers in determining whether the "best interests of the child" are served by granting a requested name change are the following:

1. A parent's failure to financially support the child;
2. A parent's failure to maintain contact with the child;
3. The length of time that a surname has been used for or by the child;
4. Misconduct by one of the child's parents;

2

5. Whether the surname is different from the surname of the child's custodial parent;
6. The child's reasonable preference for a surname;
7. The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent;
8. The degree of community respect associated with the child's present surname and proposed surname;
9. The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name;
10. The identification of the child as a part of the family unit.

*Id.*

With regards to the previous ten factors, in the order presented, the Court finds that the record supports the following:

1. It is undisputed that Ms. Vega and Ms. Vega's parents provide all financial support to Nova. Mr. Perez has provided no financial support to Nova.
2. Mr. Perez did not appear at the visitation hearing, resulting in him having no visitation rights, and he has not filed a petition to modify his visitation rights. Further, Mr. Perez does not keep his appointments to visit Nova, and has only seen Nova once this year.
3. Nova is presently two years old. There was no evidence presented of how long her surname has been used.
4. There was no evidence of parental misconduct presented from Mr. Perez towards Nova, but Mr. Perez was previously convicted of Burglary and of Graffiti, and is currently on probation.
5. Nova currently shares both of her biological parents' surnames, but her custodial parent's surname comes second.
6. Nova is two years old. The Court finds there was insufficient evidence of whether the child preferred one last name from the other.
7. Changing Nova's surname will likely negatively affect her future relationship with her biological father. Mr. Perez confirmed in his testimony that he would not try as hard if Nova's surname is changed. While saddened by this comment, the Court accepts it as likely.
8. There was no evidence introduced at the hearing that Nova's reputation inside her community would be negatively affected by a change in her surname.
9. There was no evidence introduced at the hearing that changing Nova's surname would lead to any difficulties, harassment, or embarrassment. However, Ms. Vega testified that if Nova keeps her biological father's surname it would lead to some difficulty soon as Nova starts school. Ms. Vega believes that is would not be right for Nova to have her biological father's surname when he is not a part of her life and has not seriously attempted to be one.

3

10. It is undisputed from the evidence presented that only Ms. Vega and her family are present in Nova's life. Nova currently lives with her mother and her maternal grandparents. Ms. Vega testified that Nova refers to her maternal grandfather as her father. Nova, currently, has minimal contact with Mr. Perez and Mr. Perez's family. The only family unit she is currently a part of is Ms. Vega's. Granting the name change petition would strengthen Nova's identification as a member of the Vega family unit, as she would share the same last name as every member of her maternal family.

After considering all of the evidence and testimony, together with the established factors, the Court agrees with Ms. Vega and finds that granting the name change would benefit Nova. The name change would allow Nova to share the same last name as her custodial parent and every member of her present family unit. Mr. Perez has not been an active part of Nova's life and the Court finds that he will likely not be in the future, no matter what decision the Court takes on the instant petition. Accordingly, the Court finds that the petition should be granted.

## CONCLUSION

For the reasons stated above, Nova Angelina Perez-Vega's Petition for Name Change is hereby **GRANTED. IT IS SO ORDERED** that the Petitioner from this day forward and for all purposes shall bear the name of **Nova Angelina Vega**.

The Honorable Robert H. Surles
Judge

4